## WAYNE COUNTY COURT.

BAILEY AND SHERMAN agt. EASTERLY AND EASTERLY

A *motion to strike out* a codefendant, where the defendants are improperly joined in the action, is the proper remedy where the misjoinder is not apparent upon the face of the complaint. If apparent a *demurrer* would be the remedy.

*May Term*, 1852. The plaintiffs, Bailey and Sherman, sue the defendants on a contract executed by them in March 1851. The defendant, Silas Easterly, before answering the complaint, moves upon affidavits, showing that Sarah Easterly is his wife; that her name be stricken from the summons and complaint. The remaining facts appear in the opinion of the court.

JOHN T. MACKENZIE, *for the Motion.*

W. H. HECOX, *Contra.*

KETCHUM, County Judge.—This is an action brought-against husband and wife on a contract executed by both. The wife has no interest in the subject matter of the action, and it is conceded she is improperly made a party to the action. This is a motion by the defendant Silas Easterly, the husband, to strike out the name of the wife from the summons and complaint. The only question is whether the error may be corrected by motion on the part of one defendant to strike out the name of a codefendant improperly joined in the action.. Under the old system a defect or irregularity of this kind might have been taken advantage of if apparent on the pleadings, by demurrer, or made the ground of a motion in arrest of judgment, or by a writ of error; and if not apparent on the pleadings it would have been grounds for a nonsuit at the trial. And under the Code, if apparent on the face of the complaint, the husband might doubtless demur for the misjoinder. In this case it can hardly be said to be apparent on the face of the complaint, for there is no allegation in the complaint that the parties are husband and wife, and the recital of the contract only gives its substance and omits that part describing the defendant Sarah Easterly, as the wife of the other codefendant. The question then is, should the defect have been set up in the answer? Perhaps the husband might have answered it and taken advantage of it at the trial; but what would have

become of the defence of the wife meanwhile? A judgment would have been perfected against her by default, and how is she to get rid of it?

In Brittan vs. J. M. Wilder and Mary Wilder (6 *Hill*, 242), judgment having been entered on a warrant of attorney executed by both, and execution issued, Mary being the wife of the other defendant, the court set aside the judgment and execution as to the wife, on motion; and numerous other cases are cited by the court, BRONSON, J., in support of the right to do this.

Suppose, then, that the husband had set up the misjoinder by answering, and the wife had been defaulted (as far as she might be), and judgment entered against her, then the appropriate way of obtaining the relief sought by this motion would have been (according to the case of Brittan vs. Wilder) to move to set it aside; and I can see no good reason why the same relief may not be granted before answer, that would be after judgment. It then becomes a question of time only, and not a mode of remedies.

It seems to me that the wife could make no appearance so as to save a default, and I see no difficulty in this position growing out of the provisions of section 148 of the Code. The law was as well settled which defined the remedy in ordinary cases of a misjoinder of defendants at the time (and before) the case of Brittan vs. Wilder, as though it had been a statutory provision; and that section of the Code, I think, is not intended to cut off any remedy by motion which could before have been made the subject of a motion, and for which it provides no other new remedy. Any error or irregularity in practice in an action may as well be corrected by motion now as before the adoption of the Code; indeed, the design of the Code is to open new remedies and put those within the reach of suitors which were prior to its adoption beyond their reach; and it would be quite too rigid a construction to so interpret it as to deny to a party a remedy by motion for which no other remedy is provided, and I see no other way to correct the error in this case so as to make it operative as to the wife, except by motion, either before or after judgment. I think, therefore, the motion must be granted with five dollars costs, and if the defendant has not answered in the action, let him have fifteen days in which to answer.